IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAMONT S. BROWN, ) | CASE NO. 5:11CV0162 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE LIOI |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| STATE OF OHIO, *et al.*, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **)** | Doc. No. 11 |
| Respondents. ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Lamont S. Brown ("Brown") pursuant to 28 U.S.C. § 2254. Brown is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State vs. Brown*, Case No. CR 05 07 2490(A) (Summit County 2007). Doc. No. 11. For the reasons given below, respondent's motion to dismiss the petition as untimely should be GRANTED.

I

The July 2005 term of the Summit County grand jury indicted Brown on one count of rape of a child under the age of thirteen. The March term of the Summit

County grand jury issued a second supplemental indictment in the case[1] on April 5, 2006, charging Brown with three counts of rape of a child under 13, one count of endangering children in violation of Ohio Rev. Code § 2919.22(B)(2), and two counts of endangering children in violation of Ohio Rev. Code § 2919.22(A). Brown pleaded not guilty to all counts of the indictments, and the case proceeded to trial.

On the third day of trial, Brown changed his plea to guilty of three counts of rape and one count of endangering children. Before sentencing, Brown moved to withdraw his guilty plea and moved for new counsel. The court granted both motions.

A new trial began. On April 23, 2007, a jury found Brown guilty of one count of rape and one count of endangering children. On April 24, 2007, the court sentenced Brown to life prison and found him to be a sexually oriented offender.[2]

Brown filed a timely notice of appeal. Brown asserted two assignments of error in his brief in support of his appeal:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT BROWN'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIM.R. 29.

II. DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

On June 18, 2008, the state appellate court affirmed the judgment of the trial court with respect to the count of rape but reversed Brown's conviction for endangering children.

---

[1] The first supplemental indictment charged Theresa O. Brown as a co-defendant. *See* Amended Motion, Doc. No. 11, Exh. 2.

[2] The mandatory sentence in Ohio for rape of a child under 13 is life in prison. Brown's sentence for child endangering was two years, to be served concurrently with his life sentence.

The state appellate court remanded the case to the state court for action consistent with its opinion.[3]

On October 9, 2008, Brown filed in the Ohio Supreme Court a motion for a delayed appeal. Brown gave as cause for his failure to file his appeal timely that his appellate counsel had not told him that the state appellate court had issued a decision on June 18, 2008. On October 19, 2008, the Ohio Supreme Court denied Brown's motion for a delayed appeal and dismissed his case.

On June 2, 2009, Brown filed in the state appellate court pursuant to Ohio App. R. 26(B) ("R. 26(B)") an untimely application to reopen his direct appeal. Brown again gave as cause for his failure to file a timely application that his appellate counsel had not told him that the state appellate court had issued its decision. Brown contended in his application that both his trial counsel and his appellate counsel had been ineffective. On June 25, 2009, the state appellate court denied on the merits Brown's application to reopen. There is no record that Brown appealed this decision.[4]

Brown filed in this court a petition for a federal writ of habeas corpus on January 24, 2011. Brown asserts three grounds for relief in his petition:

**GROUND ONE**: Tthe trial court committed reversible error when it denied defendant-appellant Brown's motion for judgment of acquittal under Crim.R. 29.

**GROUND TWO**: Defendant-appellant's conviction was against the manifest weight of the evidence.

---

[3] There is nothing in the record to indicate what action, if any, the trial court took upon remand.

[4] Brown does not allege that he appealed this decision, and the state has found no record of such an appeal.

3

**GROUND THREE**: Ineffective assistance of counsel.

Respondent now moves to dismiss Brown's petition as time barred. Doc. No. 11. Brown responds that his failure to file a timely petition should be excused because his appellate attorney failed to inform him that the state appellate court had issued a ruling on his direct appeal. Doc. No. 10.

II

*A. Jurisdiction*

The Court of Common Pleas of Summit County, Ohio sentenced Brown. Brown filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Summit County is within this court's geographic jurisdiction. This court has geographic jurisdiction over Brown's petition.

*B. Statute of Limitations*

Respondent argues that Brown's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas

4

> corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The state appellate court denied Brown's direct appeal on June 18, 2008. Brown had 45 days, until August 1, 2008, to file a timely appeal to the Ohio Supreme Court. Brown did not file such an appeal. The statutory period began to run, therefore, on August 2, 2008. It ran for 304 days until June 2, 2009, when Brown filed his untimely application pursuant to R. 26(B) to reopen his direct appeal.[5] Although this application was untimely, the state appellate court reviewed the application on the merits. The statute of limitations is tolled for that period of time during which a R. 26(B) application is pending in the Ohio courts. *Searcy v. Carter*, 246 F.3d 515, 519-20 (6th Cir. 2001). The state appellate court denied Brown's application on June 25, 2009, and the clock began to run again on June 26, 2009. The last date on which Brown could have filed a timely petition for a writ of habeas corpus was August 25, 2009. Brown did not file his petition until January 24, 2011. Brown's petition, therefore, is untimely.

---

[5] The statute of limitations is not tolled by a motion for a delayed appeal in the Ohio Supreme Court unless that court grants the motion. *See DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006), and *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Even if this court accepts Brown's assertion that his attorney failed to inform him of the appellate court decision, and even if this court then equitably tolls the statutory period through the Ohio Supreme Court's subsequent denial of Brown's motion for a delayed appeal and through the state appellate court's denial of his application to reopen his direct appeal, Brown's petition still would be untimely. Using those assumptions, the state appellate court denied Brown's application to reopen on June 25, 2009. Brown then had 45 days to file a timely appeal of that decision to the Ohio Supreme Court. Brown did not file such an appeal. The statutory period began to run, therefore, on August 10, 2009 and expired on August 11, 2010. Brown did not file his petition for habeas relief until January 24, 2011. Consequently, even if this court accepts Brown's argument for equitable tolling, Brown's petition is still untimely.

III

For the reasons given above the magistrate judge recommends that the court dismiss Brown's petition for a writ of habeas corpus as untimely.


Date: November 8, 2011     /s/ Nancy A. Vecchiarelli
                           United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**